IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 18-_____ |
| | : | |
| | : | DATE FILED: _____ |
| v. | : | |
| | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1341 (mail fraud – 3 counts) |
| KAREN JORDAN | : | 18 U.S.C. § 641 (conversion of government |
| | : | funds - 1 count) |
| | : | 42 U.S.C. § 408(a)(4) (social security fraud – |
| | : | 1 count) |
| | : | Notice of forfeiture |

## **I N D I C T M E N T**

### **COUNTS ONE THROUGH THREE**

(Mail Fraud)

**THE GRAND JURY CHARGES THAT:**

### **INTRODUCTION**

At all times relevant to this indictment:

1. The Social Security Administration ("SSA"), an agency of the United States, administered certain government benefit programs, including the Retirement and Survivor's Insurance ("RSI") benefit program, pursuant to Title 42, United States Code, Sections 401-433.

2. The RSI program was an earned-right program funded through Social Security wage taxes. When an individual worked, that individual paid taxes on his or her wages into the Social Security trust fund. If that individual paid sufficient Social Security taxes to earn

1

sufficient "credits," as that term was defined for purposes of the Social Security Act, he or she, or eligible dependents, including spouses, were eligible to receive retirement benefits upon reaching a certain age.

3. RSI payments continued until the individual died.

4. The grandmother of defendant KAREN JORDAN, known to the grand jury and identified herein as "C.J.," received RSI benefits during her lifetime. No other individual was entitled to the benefits designated for C.J. The SSA provided these benefits through monthly paper checks mailed to C.J. at her home address.

5. C.J. died on or about July 3, 2000.

6. SSA had no record of timely notification of C.J.'s death and continued to mail paper benefits checks to C.J. at her home address.

## THE SCHEME TO DEFRAUD

7. From on or about July 3, 2000 through on or about February 6, 2014, defendant

**KAREN JORDAN,**

and others known and unknown to the grand jury, devised and intended to devise a scheme to defraud the SSA and to obtain money from the SSA in the form of benefit payments intended for C.J. by fraudulently converting to her own use the SSA benefits checks intended for C.J. that defendant KAREN JORDAN was not entitled to receive.

8. It was the object of the scheme described in paragraph 7 for defendant KAREN JORDAN to receive approximately $202,143.00 in SSA payments intended for C.J. that she was not entitled to receive.

## MANNER AND MEANS

It was part of the scheme that:

9. KAREN JORDAN concealed the death of C.J. so that C.J.'s SSA benefits checks would continue to issue.

10. From time to time, KAREN JORDAN asked others to cash C.J.'s benefits checks. These individuals often received a portion of the value of each check in exchange for cashing the checks presented to them by KAREN JORDAN.

11. On or about July 3, 2000 to on or about February 6, 2014, defendant KAREN JORDAN, and others known and unknown to the grand jury, fraudulently obtained and converted to their own use approximately $202,143.00 in SSA benefits payments intended for C.J.

12. On or about the following dates, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**KAREN JORDAN,**

and others known and unknown to the grand jury, for the purpose of executing the scheme described above, knowingly caused to be delivered by mail the following matter described below for each count, each mailing constituting a separate count:

| COUNT | DATE | DESCRIPTION OF MAILING |
|---|---|---|
| 1 | December 3, 2013 | United States Treasury check made payable to C.J. in the amount of $1414.00. |
| 2 | January 3, 2014 | United States Treasury check made payable to C.J. in the amount of $1437.00. |
| 3 | February 3, 2014 | United States Treasury check made payable to C.J. in the amount of $1437.00. |

All in violation of Title 18, United States Code, Section 1341.

## COUNT FOUR

### (Conversion of Government Funds)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 6 and 9 through 11 of Counts One through Three of this indictment are realleged here.

2. From on or about July 3, 2000 through on or about February 6, 2014, in the Eastern District of Pennsylvania, and elsewhere, defendant

**KAREN JORDAN,**

and others known and unknown to the grand jury, knowingly converted to their own use money of the United States in excess of $1,000, that is, approximately $202,143.00 in SSA payments intended for C.J., who was deceased, and which funds defendant KAREN JORDAN was not entitled to receive.

In violation of Title 18, United States Code, Section 641.

## COUNT FIVE

### (Social Security Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 6 and 9 through 11 of Counts One through Three of this indictment are realleged here.

2. From on or about July 3, 2000 to on or about February 6, 2014, in the Eastern District of Pennsylvania, and elsewhere, defendant

**KAREN JORDAN**

in a matter within the jurisdiction of the SSA, having knowledge of the death of C.J., an event affecting her initial and continued right to any SSA RSI payments, knowingly and willfully concealed and failed to disclose the death of C.J. with the intent fraudulently to secure approximately $202,143.00 in SSA RSI payments.

In violation of Title 42, United States Code, Section 408(a)(4).

## NOTICE OF FORFEITURE

**THE GRAND JURY CHARGES THAT:**

      1.     As a result of the violations of Title 18, United States Code, Sections 1341 and 641, set forth in Counts One through Four of this Indictment, defendant

### KAREN JORDAN

shall forfeit to the United States of America:

    (a)    any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offense; including but not limited to the sum of $202,143.00.

    2.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_____
**WILLIAM M. McSWAIN**
**United States Attorney**